*NO FEE REC*
*SUM ISS*
*1541*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) | |
| ) | CIVIL ACTION NO. **05   0955** |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **COMPLAINT** |
| TOM LANGE COMPANY, INC. ) | |
| ) | |
| Defendant. ) | **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Valerie Dowds who was adversely affected by such practices. As alleged with greater particularity in paragraphs 7 and 8 below, the Commission alleges that Ms. Dowds was subjected to unwelcome sexual harassment which was created by the conduct of a male supervisor. Despite Ms. Dowds' rejection of the advances and complaints to company owners, the unwanted actions continued. Ultimately, Defendant discharged Ms. Dowds in retaliation for having asserted her rights under the law. As a result of the sexually hostile work environment, and retaliatory discharge, Ms. Dowds suffered severe emotional distress as well as backpay losses.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII

1

of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII").  This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a..

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, 42 U.S.C. § 2000e-5(f)(1)and (3).

4.      At all relevant times, Defendant Tom Lange Company, Inc. (the "Employer"), has been a Missouri corporation with headquarters in Springfield, Illinois.  Defendant's western Pennsylvania office is located in Pittsburgh, Pennsylvania and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Valerie Dowds filed a Charge of Discrimination with the Commission alleging violations of Title VII by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least January 1, 1997, Defendant Employer has engaged in unlawful employment practices at its Pittsburgh, Pennsylvania location, in violation of 703(a)(1) of Title VII,

42 U.S.C. Section 2000e-2(a)(1). These unlawful practices include, but are not limited to, the following:

a. Defendant's Pittsburgh, Pennsylvania location is headed by Tom Law, Vice President of Sales for the Pittsburgh Division.

b. Valerie Dowds started working for Defendant in 1997 as a secretary or assistant to Mr. Law.

c. Starting in March, 1998, Mr. Law subjected Ms. Dowds to sexual harassment in form of unwanted touching and language. After she complained to Defendant's CEO, Phillip Gumpert, the harassment ceased.

d. However, in 2000, Mr. Law's unwanted conduct recommenced and continued until May 12, 2004, when Defendant terminated Ms. Dowds' employment.

e. During that time, among other things, Mr. Law asked Ms. Dowds, a married woman, to have sex with him; he continually made crude sexual comments or "jokes;" he subjected her to unwanted back rubs; he repeatedly hugged her so as to touch her breasts; he made lewd sexual noises in her presence; he tried to look down her blouse; he put her in a head lock and knuckled the top of her head.

f. Ms. Dowds repeatedly told Mr. Law to stop the sexual harassment and advised that she was not interested in a sexual relationship with him.

g. Defendant Employer did not have a written harassment policy during the relevant time period.

8. Since at least March 22, 2004, Defendant Employer has engaged in unlawful employment practices at its Pittsburgh, Pennsylvania location, in violation of 704(a)(1) of Title VII,

U.S.C. Section 2000e-3(a). These unlawful practices include, but are not limited to, the following:

a.    On or around March 22, 2004, Ms. Dowds again complained to Mr. Gumpert of the unwanted harassment. Shortly thereafter, Mr. Gumpert met with Mr. Law and they issued an e-mail message to all employees relating to the issue of harassment.

b.    By letter dated April 22, 2004, Mr. Gumpert informed Ms. Dowds that his investigation did not reveal "any violation of legal standards, but that he alerted Mr. Law of her concerns and the need to maintain a professional and 'legally appropriate work environment.'" Mr. Gumpert concluded the letter by informing Ms. Dowds that she could call him with concerns any time, "24 hours a day, seven days a week."

c.    Thereafter, Mr. Law unduly harassed Ms. Dowds about coming in to work "a few minutes late," while he did not reprimand male employees who engaged in the same alleged infraction.

d.    On May 18, 2004, after 18 years of exemplary employment, Defendant stated that it fired Ms. Dowds for alleged "insubordination" and "failure to follow company policy."

e.    The Commission alleges that Defendant fired Ms. Dowds in retaliation for her complaints of sexual harassment.

9.    The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Ms. Dowds of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex.

10.    The unlawful employment practices complained of in paragraphs 7 through 8 above were intentional.

11.    The unlawful employment practices complained of in paragraphs 7 and 8 above were

4

11.    The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of Ms. Dowds.

PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A.    Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in the creation and/or maintenance of a sexually hostile work environment and retaliating against employees who complain of such and in any other employment practice which discriminates on the basis of sex.

B.    Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating within any of its establishments between employees on the basis of sex.

C.    Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

D.    Order Defendant Employer to make whole Valerie Dowds by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8  above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E.    Order Defendant Employer to pay Valerie Dowds punitive damages for its malicious and/or reckless conduct described in paragraphs 7 and 8 above, in an amount to be determined at trial.

F.  Order Defendant Employer to pay Valerie Dowds past and future economic losses, including loss of wages, bonuses, and all benefits she would have received but for the illegal and retaliatory discharge.

G.  Grant such further relief as this Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its Complaint.

ERIC S. DREIBAND
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

JACQUELINE H. MCNAIR
REGIONAL ATTORNEY

JUDITH A. O'BOYLE
SUPERVISORY TRIAL ATTORNEY

M. JEAN CLICKNER
SENIOR TRIAL ATTORNEY
Pa. I.D. No. 42738
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Pittsburgh Area Office
Liberty Center, Suite 300
1001 Liberty Avenue
Pittsburgh, PA 15222
(412) 644-6439
(412) 644-4935 (facsimile)

6